IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| IN RE: § § KEVCO, INC., ET AL., § § Debtors. § § ──────────────────── § § COASTAL INDUSTRIES, INC., § § Appellant, § § VS. § § DENNIS FAULKNER, § PLAN ADMINISTRATION AGENT, § ACTING ON BEHALF OF KEVCO, § INC. UNDER ITS CONFIRMED PLAN, § § Appellee. § | Case No. 01-40783-bjh NO. 4:05-CV-691-A Adv. No. 04-4239 bjh |

MEMORANDUM OPINION
and
ORDER

This action comes before the court as an appeal from a July 15, 2005, judgment of the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, the Honorable Barbara J. Houser presiding. The court, having considered the briefs of appellant, Coastal Industries, Inc. ("Coastal"), and appellee, Dennis Faulkner, as the Plan Administration Agent for the debtors, Kevco, Inc., and its direct and indirect wholly owned subsidiaries, ("the Agent"), the record on appeal, and applicable authorities, finds that the bankruptcy court's judgment should be affirmed.

I.

## Jurisdiction

The appeal is from a judgment signed July 15, 2005, awarding the Agent recovery against Coastal in the amount of $813,627.71 plus pre-judgment interest. This court's jurisdiction exists pursuant to 28 U.S.C. § 158(a).

II.

## Underlying Proceedings

On February 5, 2001, Kevco, Inc. and its direct and indirect wholly owned subsidiaries and affiliates (collectively, "the debtors" or "Kevco") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. On June 25, 2004, under the debtors' confirmed plan of liquidation, the Agent initiated an adversary proceeding against Coastal seeking to recover $1,926,172.90 in allegedly preferential payments made by Kevco to Coastal. After a four-day trial, the bankruptcy court held that all the payments were preferential transfers and further that Coastal had failed to carry its burden of proof under 11 U.S.C. § 547(c)(2)[1] and (g) that any of them were shielded by the ordinary course of business ("OCOB") defense. The bankruptcy court, however, did find that Coastal was entitled to a subsequent

---

[1] On October 17, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 became effective, including a substantial broadening of the ordinary course of business defense. See In re SGSM Acquisition Co., LLC, 439 F.3d 233, 237 n.1. (citing 11 § 547(c)(2)). The law applicable here, however, is the pre-amendment ordinary course of business defense.

2

new value defense in the amount of $1,112,545.19. See 11 U.S.C. § 547(c)(4). Judgment was awarded to the Agent for the remaining balance of $813,627.71 plus pre-judgment interest. This appeal ensued.

### III.

### Underlying Facts

In the memorandum opinion of June 30, 2005, the bankruptcy court thoroughly recited the relevant facts to this dispute. They will not be repeated here. Briefly, in the underlying bankruptcy proceedings, Coastal stipulated that all the payments at issue were preferences under 11 U.S.C. § 547(b) of the Bankruptcy Code. Therefore, as set forth more specifically below, the only issues before the bankruptcy court, and now this court, are the viability of Coastal's defenses of OCOB, judicial estoppel, and res judicata, notably on all of which Coastal bears the burden of proof.

### IV.

### Issues on Appeal

There are four issues[2] on appeal:

A.  Whether the bankruptcy court erred at trial by finding in favor of the Agent with regard to Coastal's OCOB defense under

---

[2]The structure of appellant's brief is very confusing. Among other things, the summary of the statement of issues on page 2 does not always correspond with the substantive briefing later in the brief. For example, Coastal has a discussion on whether the bankruptcy court erred in its analysis of Coastal accounts receivable from Kevco. See Br. of Appellant at 21-23. Yet this issue is not listed in the preliminary Statement of Issues. Id. at 2. Because of this confusion, the court is defining the issues as it understands them, which understanding, in turn, largely corresponds with how the Agent framed the issues.

3

11 U.S.C. § 547(c)(2)(B), including,

    1. Whether the bankruptcy court erred in giving the testimony of Stephen Thomas, the Agent's expert, more weight than that of Coastal's fact witness David Cook.

    2. Whether the bankruptcy court erred in creating the "Wingate Historical Period" for comparing payments made in the OCOB or financial affairs between Kevco and Coastal in the pre-preference period with the preference period under 11 U.S.C. § 547(c)(2)(B).

    3. Whether the bankruptcy court erred in finding that Coastal engaged in "unusual collection practices" during the preference period.

B. Whether the bankruptcy court erred by finding in favor of the Agent with regard to Coastal's OCOB defense under 11 U.S.C. § 547(c)(2)(C), including,

    1. Whether the bankruptcy court erred in holding that the manufactured housing industry was the applicable industry standard for the purposes of determining "ordinary business terms" under 11 U.S.C. § 547(c)(2)(C).

    2. Whether the bankruptcy court erred in giving zero weight to the testimony of James Cunningham with respect to whether the payments in question were made pursuant to the "ordinary business terms" in accordance with 11 U.S.C. § 547(c)(2)(C).

C. Whether the bankruptcy court erred in finding against Coastal on its defense of judicial estoppel.

D. Whether the bankruptcy court erred by not granting summary judgment for Coastal on its res judicata defense and in granting summary judgment for the Agent on Coastal's res judicata defense.

V.

## Standard of Review

To the extent the appeal presents questions of law, the bankruptcy court's judgment is subject to <u>de novo</u> review. <u>Pierson & Gaylen v. Creel & Atwood (In re Consolidated Bancshares, Inc.)</u>, 785 F.2d 1249, 1252 (5th Cir. 1986). Findings of fact, however, will not be set aside unless clearly erroneous. Bankr. R. 8013; <u>Memphis-Shelby County Airport Authority v. Braniff Airways, Inc. (In re Braniff Airways, Inc.)</u>, 783 F.2d 1283, 1287 (5th Cir. 1986). A finding is clearly erroneous, although there is evidence to support it, when the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. <u>Id.</u> The mere fact that this court would have weighed the evidence differently if sitting as the trier of fact is not sufficient to set aside the bankruptcy court's order if that court's account of the evidence is plausible in light of the record viewed in its entirety. <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 573-74 (1985).

VI.

## Analysis

A. <u>Coastal's OCOB Defense under 11 U.S.C. § 547(c)(2)(B)</u>

There is no precise legal test for whether payments are made in the OCOB. <u>Gasmark Ltd. Liquidating Trust v. Louis Dreyfus Gas Corp.</u>, 158 F.3d 312, 317 (5th Cir. 1998) (citation omitted). Rather, the analysis focuses on the time within which the debtor

5

ordinarily paid the creditor and whether the timing of the payments during the 90-day period reflected some consistency with that practice. Id. It follows that the OCOB inquiry is peculiarly factual and that the bankruptcy court's findings in this regard are consequently entitled to deference unless clearly erroneous. In re Braniff Airways, Inc., 783 F.2d at 1287. The justification for this great deference to the factual findings of the bankruptcy court is perhaps well illustrated here where the bankruptcy court's forty-one page memorandum opinion reflects extremely careful attention to and consideration of the facts.

    1.   The Testimony of Stephen Thomas v. David Cook

With regard to its OCOB defense under 11 U.S.C. § 547(c)(2)(B), Coastal complains that the bankruptcy court wrongly gave the testimony of the Agent's expert, Stephen Thomas, more weight than the testimony of Coastal's fact witness, David Cook. The bankruptcy judge's opportunity to make first-hand credibility determinations entitles its assessment of the evidence to deference, which like other factual findings, will not be set aside unless clearly erroneous. In re Perry, 345 F.3d 303, 309 (5th Cir. 2003). Where the finding of a bankruptcy judge is based on its decision to credit the testimony of one witness over that of another, that finding, if not internally inconsistent, can virtually never be clear error. Theriot v. U.S., 245 F.3d 388, 395 (5th Cir. 1998). Such is the case here. The court finds no error by the bankruptcy court in its assessment as to the respective

credibility of these two witnesses.

2. <u>The Wingate Historical Period</u>

Coastal contends that the bankruptcy court erred by not considering the entire business relationship between Coastal and Kevco, which dated back to 1982, in making the determination as to what the OCOB was between them. Instead, the bankruptcy court found that the fifteen-month period between when Wingate Partners ("Wingate") took control of Kevco in August 1999 until November 2001, was the appropriate pre-preference period with which to compare Coastal's business and financial affairs with Kevco in the preference period. <u>See</u> Coastal's App. in Support of Appeal at 87 (Mem. Opinion at 21).

As an initial matter, the court concurs with the bankruptcy court that there is legal authority for considering less than the entire relationship of the parties. <u>See</u> Coastal's App. in Support of Appeal at 87 (Mem. Opinion at 21); <u>see also Lovett v. St. Johnsbury Trucking</u>, 931 F.2d 494, 498 (8th Cir. 1991) (twelve month period is an appropriate standard for determining the ordinary course of business between the parties). Given how the relationship between Coastal and Kevco changed after Wingate's takeover, the court further concludes that the bankruptcy court appropriately did just that here.

Specifically, the bankruptcy court found that, after Wingate took over Kevco, its cash-management system became more sophisticated. <u>See</u> Coastal's App. in Support of Appeal at 86 (Mem.

Opinion at 20). Kevco's payments to vendors, including Coastal, also became more regular. Id. Moreover, the pattern of payments from Kevco to Coastal was different after Wingate's investment and assumption of management control. Id. Payments to vendors were unquestionably more regular and occurred almost invariably on the 10th and 25th of the month. Id. None of these factual findings is clearly erroneous. Nor was the bankruptcy court's finding that it would be unfair to the other creditors to permit Coastal to cherry-pick some isolated payment over the parties' twenty-year relationship to show that there was some consistency with a payment within the preference period. Id. at 88 (Mem. Opinion at 22).

3. The Finding of Unusual Collection Practices

Before concluding that Coastal had failed to establish, by a preponderance of the evidence, the absence of unusual collection activity, the bankruptcy court engaged in a thorough analysis of all the facts in evidence. See Coastal's App. in Support of Appeal at 89-101 (Mem. Opinion at 23-35). This court need not recite each of the bankruptcy court's findings here. Suffice it to say that the court has thoroughly reviewed them and concluded that none of them is clearly erroneous.

B. Coastal's OCOB Defense Under 11 U.S.C. § 547(c)(2)(C)

The third prong of the OCOB defense required Coastal to prove by a preponderance of the evidence that Kevco made the transfers at issue according to "ordinary business terms." See 11 U.S.C. § 547(c)(2)(c). A payment, in turn, is made according to its

ordinary business terms if the payment practices at issue comport with the standard in the industry. In re Gulf City Seafoods, Inc., 296 F.3d 363, 367-68 (5th Cir. 2002). Here, Coastal complains that the bankruptcy court defined the applicable industry too narrowly and also failed to duly credit the testimony of James Cunningham.

1. The Chosen Industry

At trial, through the testimony of James Cunningham, Coastal attempted to define the relevant industry as the manufacturing industry generally. Finding that far too broad, the bankruptcy court instead defined the relevant industry as the manufacturing housing industry, notably the industry in which Coastal and Kevco operated. According to the bankruptcy court, Cunningham's knowledge regarding the competitors or collection practices of either Coastal or Kevco was virtually nil. He could not even identify Coastal's or Kevco's competitors. See Coastal's App. in Support of Appeal at 103-105 (Mem. Opinion at 37-39). For an industry standard to be a meaningful benchmark, there should be evidence of credit arrangements of other debtors and creditors in the same industry. Gulf City Sea Foods, Inc., 296 F.3d at 369. The bankruptcy court did not err in concluding that such evidence was lacking.

2. Testimony of James Cunningham

Coastal complains that the bankruptcy court wrongfully discounted James Cunningham's testimony. Again, the bankruptcy judge's first-hand credibility determinations are entitled to

9

deference. In re Perry, 345 F.3d at 309. Given Mr. Cunningham's apparent lack of experience and knowledge in the relevant industry, the weight or lack thereof afforded to his testimony by the bankruptcy court was not clearly erroneous.

C.  Judicial Estoppel

Consisting of barely two short paragraphs without any citation to legal authority, Coastal's urging of its affirmative defense of judicial estoppel is half-hearted at best. From what the court can gather, however, Coastal appears to assert that the Agent took an inconsistent position insofar as Coastal believed that it was doing business with "Kevco, Inc." Kevco, Inc., in turn, did not disclose any payments to Coastal within 90 days of the petition date on its schedules or statement of financial affairs. Another Kevco entity -- Kevco Distribution, L.P. -- did. Therefore, per Coastal, the Agent's preference claim is barred by judicial estoppel.

Judicial Estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation. In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999). Three requirements must be met for it to apply here: (1) the Agent's position is clearly inconsistent with a previous one; (2) the bankruptcy court accepted the previous position; and (3) the non-disclosure was not inadvertent. In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004).

The bankruptcy court correctly stated this applicable law. It also correctly applied it to the facts in concluding that judicial

estoppel did not apply. Indeed, based on the uncontroverted evidence, the court is perplexed as to how Coastal even begins to contend that it might. To begin with, there is no evidence that the Agent took an inconsistent position, the very first requirement. Coastal was doing business with Kevco Distribution, L.P., and the statement of financial affairs of that entity completely and accurately disclosed that, in the ninety days preceding the petition date, it had paid Coastal $1,926,172.90. See Coastal's App. in Support of Appeal at 82 (Mem. Opinion at 16). Coastal's perception as to which Kevco entity it was selling product is irrelevant. Moreover, that Coastal thought it was doing business with Kevco, Inc., rings hollow given that Coastal admits that it did not even review the schedules or statement of financial affairs of that the entity. Id. at 80 n.14. The bankruptcy court did not err in finding judicial estoppel inapplicable.

D.  Res Judicata

Apparently Coastal cares even less about its affirmative defense of res judicata as Coastal fails to even articulate what its res-judicata argument is. Rather, in its primary brief, it merely states that various undiscussed facts in the record in this case are similar in an unidentified way to a bankruptcy opinion out of Michigan. See Br. of Appellant at 49. Similarly, in its reply brief, Coastal states that it "stands on its arguments previously made on this issue to the Bankruptcy Court in its pre-trial briefs, including its summary judgment briefs and to this Court in its

initial brief." See Reply of Appellant at 25. In essence, Coastal invites the court to sift through the voluminous record in search of facts supporting its res judicata defense and then to perform independent research as to whether those facts support a finding in favor of this defense. The court declines to do so and finds that Coastal has abandoned this argument on appeal. See, e.g., Fehlhaber v. Fehlhaber, 681 F.2d 1015, 1030 (5th Cir. 1982) (failure to brief and argue an issue is grounds for finding that the issue has been abandoned). Further, even had Coastal not abandoned this argument on appeal, it is without any merit, and the bankruptcy court therefore did not err by rejecting it.

VII.

Order

For the reasons discussed herein,

The court ORDERS that the July 15, 2005, judgment from which appeal is taken be, and is hereby, affirmed.

SIGNED July 18, 2006.

JOHN McBRYDE
United States District Judge